# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| JOSEFA NAVARETTE, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | NO. 3:06-CV-1612-N |
| § | |
| MICHAEL J. ASTRUE, § | |
| Commissioner of Social Security, § | |
| § | |
| Defendants. § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and the order of the District Court filed on September 5, 2006, the subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendations of the Magistrate Judge, as evidenced by his signature thereto, are as follows:

Procedural History: On August 11 and 15, 2003, respectively, Plaintiff filed applications for Supplemental Security Income ("SSI") benefits and Disability Insurance and alleging disability which began on approximately August 21, 2000, after she suffered a back injury at work. (Administrative Record 82-84, 87 [Hereinafter Tr.].) The Administrative Law Judge ("ALJ") conducted a hearing on January 26, 2006. (Tr. 355-75.) On May 12, 2006, the ALJ denied Plaintiff's request for Disability Insurance and SSI benefits, finding that she was not disabled because she retained the residual functional capacity ("RFC") to perform her past relevant work. (Tr. 11-17.)

Plaintiff timely requested a review of the ALJ's decision by the Appeals Council, and on July 19, 2006, the Appeals Council denied the request. (Tr. 5-7.) Therefore, the ALJ's decision

became the Commissioner's final decision for purposes of judicial review. *See Masterson v. Barnhart*, 309 F.3d 267, 271 (5th Cir. 2002).

Plaintiff filed her federal complaint on September 5, 2006, and filed an amended complaint on September 14, 2006. Defendant filed an answer on November 20, 2006. On February 27, 2007, Plaintiff filed a brief followed by Defendant's brief on April 24, 2007.[1]

Standard of Review–Social Security Claims: When reviewing the Commissioner's decision to deny benefits, the scope of judicial review is limited to a determination of: (1) whether the ALJ's decision is supported by substantial evidence in the record and (2) whether the proper legal standards were applied in evaluating the evidence.[2] *Castillo v. Barnhart*, 325 F.3d 550, 551 (5th Cir. 2003) (quoting *Villa v. Sullivan*, 895 F.2d 1019, 1021 (5th Cir. 1990)). "Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Villa*, 895 F.2d at 1021-22 (quoting *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983)). In determining whether substantial evidence exists, the court reviews the entire record, but does not reweigh the evidence, retry the issues, or substitute its own judgment. *Villa*, 895 F.2d at 1022 (citations omitted). Where the Commissioner's findings of fact are supported by substantial evidence, they are conclusive. *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005) (citing *Richardson v. Perales*, 402 U.S. 389, 390, 91 S. Ct. 1420, 1422 (1971)).

---

[1] Plaintiff also filed letters with the court on January 18 and March 15, 2007. Attached to these letters are statements which are addressed later in this recommendation.

[2] "The scope of judicial review of a decision under the Supplemental Security Income Program is identical to that of a decision under the Social Security Disability Program." *Harrell v. Bowen*, 862 F.2d 471, 475 n.4 (5th Cir. 1988) (citing *Davis v. Heckler*, 759 F.2d 432, 435 (5th Cir. 1985)). Likewise, the relevant laws and regulations governing both types of claims are identical.

Discussion: To prevail on a claim for disability insurance or SSI benefits, a claimant bears the burden of establishing that he or she is disabled, which is defined as "the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 404.1505. Substantial gainful activity is defined as "work that [i]nvolves doing significant and productive physical or mental duties; and [i]s done (or intended) for pay or profit." § 404.1510.

The ALJ uses a sequential five-step inquiry to determine whether a claimant is disabled. *See* § 404.1520. Under the first four steps, a claimant has the burden of proving that her disability prevents her from performing her past relevant work, but under the fifth step, the burden shifts to the Commissioner to prove that there is other substantial gainful activity that the claimant can perform. *See*, *e.g.*, *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5, 107 S. Ct. 2287, 2294 (1987); *Anderson v. Sullivan*, 887 F.2d 630, 632-33 (5th Cir. 1989).

In this case, the ALJ proceeded to step four and determined that Plaintiff retained the capacity to perform her past relevant work. (Tr. 16-17.) He therefore denied Plaintiff's request for disability insurance and SSI benefits. (Tr. 17.)

Plaintiff, who is proceeding pro se, filed a one page brief on February 27, 2007, wherein she argued that she is disabled due to severe pain. She stated that has had two unsuccessful surgeries on her low back and continues to experience pain that radiates into her right leg. The pain limits her ability to perform activities of daily living and she often must rely on her husband and children for assistance. Plaintiff also submitted eight pages of medical records and

3

statements with her letters to the court.[3]

**The ALJ's Opinion is Supported by Substantial Evidence**

In making the determination at step three that Plaintiff did not have an impairment that met or medically equaled one of the impairments listed in 20 C.F.R . Pt. 404, Subpt. P, App. 1 ("The Listings"), and in deciding Plaintiff's RFC, the ALJ gave "great evidentiary weight" to the opinion of Dr. Jeffrey Elliot, MD, a neurologist, who examined Plaintiff at the Commissioner's request subsequent to the date of the administrative hearing. (Tr. 15, 374-75.)

Dr. Elliot examined Ms. Navarette on March 2, 2006, and was assisted by his nurse, acting as an interpreter, in speaking with her. (Tr. 336.) Plaintiff reported that she began experiencing chronic back pain after she was injured at work. (Tr. 336.) She explained that a vehicle crashed into her place of work, causing a piece of concrete to fall on her right leg. (Tr. 336.) She was taken to the hospital after the accident, and was given a diagnosis of multiple contusions. (Tr. 336.) All X-rays taken were negative. (Tr. 336.)

Plaintiff had difficulty in localizing and characterizing the pain she experienced. While she stated that the pain was constant and radiated down her right leg (and occasionally radiated down her left leg), she was unable to accurately describe the area of the leg to which it radiated (Tr. 336.) Ice alleviated the pain whereas sitting for long periods of time, moving and lifting objects aggravated it. (Tr. 336.) She also reported an anterior fusion at L4-5, but stated that the surgery was unsuccessful because it aggravated her symptoms. (Tr. 337.)

Examination revealed a full range of motion in all joints and tenderness to palpitation in the diffuse lumbar spine bilaterally but no accompanying muscle spasms. (Tr. 337.) Plaintiff

---

[3] *See* note 1, *supra*.

exhibited normal 5/5 strength bilaterally in the upper and lower extremities. (Tr. 338.) Dr. Elliot observed a mild give-away weakness in virtually all muscle groups, but the weakness dissipated with encouragement. (Tr. 338.) Sensory examination revealed symmetric vibration and joint position sense. (Tr. 338.) Plaintiff's reaction to light touch and temperature was normal in the lower left extremities and slightly diminished in her lower right extremities, although the diminishment did not fit any clear anatomical or radicular pattern. (Tr. 338.) She had an antalgic gait, but was able to walk on her heels and toes and perform tandem gait testing. (Tr. 338.) Dr. Elliot stated that Plaintiff's neurological testing was essentially normal and noted that there were no changes in reflex, strength or tone consistent with an impairment that would cause the pain described by Plaintiff. (Tr. 338.)

Dr. Elliot completed a Medical Source Statement on the same day as the examination. He opined that Plaintiff was not impaired in her ability to lift/carry, stand and/or walk, sit, and push and/or pull. (Tr 342-43.) He further opined that she could frequently balance, and occasionally climb, kneel, crouch, crawl and stoop. (Tr. 343.) He noted that her history of spinal fusion prevented her from being able to engage in the aforementioned tasks more frequently. (Tr. 343.) He found no manipulative or visual/communication limitations.

The undersigned finds that Dr. Elliot's findings support the ALJ's determination that Plaintiff's back impairment was not of listing-level severity and that she had the capacity to perform medium work, which involves "lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds." § 404.1567(c).

Furthermore, the medical record–as cited by the ALJ in his opinion–supports Dr. Elliot's finding of a lack of neurological or physical evidence to support Plaintiff's complaints of severe

pain and related limitations. After examining Plaintiff in 2001 at the behest of the Texas Worker's Compensation Commission, Dr. Dorothy Leong, MD, determined that Plaintiff had a 0% impairment rating and was capable of returning to full duty work. (Tr. 126-131.) Following Plaintiff's discectomy in July 2002 in which an interbody device was implanted, testing conducted by Dr. Richard Guyer, MD, revealed that Plaintiff's interbody device was in an excellent position and that there were no signs of radiculopathy. (Tr. 258, 279.) On February 18, 2004, Dr. Martin Jones, MD, gave Plaintiff a whole body impairment rating of 20%, although he noted that Dr. Leong had re-evaluated Plaintiff in 2004 and declined to modify her 0% whole body impairment finding. (Tr. 330-35.) Although at least three physicians–Dr. John Milani, MD, Dr. Pedro Nosnik, MD and Dr. Stephen Fowler, MD–found that Plaintiff had a markedly positive straight leg raising test on the right in 2005, (Tr. 304-07, 326-27), only Dr. Milani opined that Plaintiff's reported pain might be emanating from nerve root compression in the lower back. On the other hand, Dr. Nosnik noted no evidence of radiculopathy in the lower extremities. (Tr. 307.)

In contrast to the findings of virtually all other examining physicians, Trenton Weeks, a chiropractic doctor, opined after an examination on December 6, 2004, that Plaintiff had significant postural and range-of-motion limitations, including the inability to sit, stand and walk for more than 15 minutes per day and the inability to carry more that five pounds at a time. (Tr. 317.) However, the ALJ was not obligated to give controlling weight to his opinion because it was contradicted by the other aforementioned first-hand medical evidence. *See* § 404.1527(d)(1)-(2) (setting forth the weight to be given to medical opinions from various sources); *see also Walker v. Barnhart*, 158 Fed. Appx. 534, 535, 2005 WL 3340251, at *1 (5th

6

Cir. 2005) (citing *Newton v. Apfel*, 209 F.3d 448, 458 (5th Cir. 2000)).

**Remand Under Sentence Six is Not Warranted**

The attachments to Plaintiff's letters consist of the following: (1) a letter from the Texas Rehabilitation Commission ("TRC") to Dr. Martin Jones, MD, dated March 12, 2004, requesting clarification regarding his determination of Plaintiff's maximum medical improvement; (2) Dr. Jones' response to the TRC, dated March 17, 2004; (3) an undated letter from Dr. Michael Banta Jr., MD, to the Appeal's Council; (4) treatment notes for Plaintiff generated by Dr. Banta on June 8 and June 29, 2006; (5) a "to whom it may concern" letter written by Dr. Trenton Weeks, DC, dated June 29, and (6) a medical evaluation report of Dr. Jones dated February 18, 2004. None of these documents is contained in the administrative record and therefore they constitute "new evidence."[4] Although Plaintiff submitted new evidence with her federal complaint, she did not move for remand pursuant to sentence six of 42 U.S.C. § 405(g). Sentence six provides: "The court may...at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding..." The Fifth Circuit has stated that remand under sentence six is only appropriate where the claimant can show that: (1) the evidence is new, (2) the evidence is material, and (3) there is good cause for the plaintiff's failure to produce the evidence at the original proceeding. *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995). Evidence is "new" where it "becomes available after the Secretary's decision" and is "material" where "there is a reasonable probability that the new evidence would change the outcome of the

---

[4] However, the record does include other documents generated by Doctors Banta, Jones and Weeks. *See* (Tr. 134-51, 209, 311-25, 330-35.)

decision." *Id*.

Plaintiff has failed to address any of the elements necessary for a sentence six remand. The Appeals Council issued its decision on July 19, 2006. All of the materials submitted by Plaintiff are dated prior to the Appeals Council's decision. Plaintiff has not offered any explanation for her failure to submit these materials to the Appeals Council. Likewise, she has not suggested how the submitted evidence would change the outcome of the Commissioner's decision. Therefore, remand is not warranted.

**RECOMMENDATION:**

For the forgoing reasons, it is recommended that the District Court enter its order AFFIRMING the decision of the Commissioner and DISMISSING this action with prejudice. A copy of this recommendation shall be transmitted to Plaintiff and to counsel for Defendant.

Signed this 28th day of August, 2007.

_____

Wm. F. Sanderson Jr.
United States Magistrate Judge

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten (10) days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996)(*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten (10) day period may bar a *de novo* determination by the district judge of any finding of fact and conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.